Samuel J. Silverman, S.
This is a proceeding by the executors of the above-named decedent’s estate to determine that a purported disclaimer and renunciation of legacy by the executors of the decedent’s widow is void.
Shortly after his second marriage in 1962 (to the former Isabel Erlanger) the decedent executed a will in which he provided, among other things, for a trust of a designated Fund A of his estate to pay the income to his wife Isabel during her lifetime, and giving his wife a power by her last will and testament (exercisable only by a provision specifically referring to and exercising the power) to appoint the entire principal of the trust fund to her own estate or to any one else, with provision that in default of appointment the principal should go to decedent’s children. His wife Isabel already had a will. After the marriage she executed a codicil to her will under which she explicitly exercised the power of appointment given to her under her husband’s will and in the exorcise of that power of appointment she gave the principal to her husband’s children.
*594 The husband died on January 29, 1968. His widow Isabel died less than a month later, on February 27, 1968.
Both wills and respective codicils have been probated. In addition to the provisions under the husband’s will, the widow received certain nontestamentary assets worth about $135,000.
On June 28,1968, the executors of the widow’s will attempted to disclaim and renounce all rights of the widow as a legatee under the husband’s will. The obvious and indeed declared reason for this action is that the widow’s original will directed that all estate taxes be paid out of her residuary estate. Thus, if the power of appointment is deemed accepted, the taxes on the property passing under the power of appointment would be paid out of the widow’s residuary estate which goes to the widow’s children by her earlier marriage. On the other hand, if the widow’s executors can validly renounce the power of appointment so that it could be deemed that the widow never had the power of appointment, then the property which would otherwise have been subject to that power of appointment would presumably not be subject to taxation as part of the widow’s estate; conversely, presumably the husband’s estate would lose the benefit of the marital deduction and thus bear the tax with respect to that property.
A preliminary question is whether this court should take jurisdiction of the matter at all. It could well be argued that so far as this court is concerned there is presented here only an abstract question of law whose chief function would be to be used as a premise for the decision of tax questions by the tax authorities. However, there is apparently a minor question as to the right to income during the month that the widow survived her husband. Both sides have urged the court to decide the question, and have briefed the matter fully. I have studied the matter and come to my conclusion and I suppose I might as well decide it.
I hold that at least as to the power of appointment, the purported disclaimer and renunciation is void and of no force and effect.
There is considerable discussion in the briefs as to whether a power of appointment can be exercised or renounced by the personal representatives of a deceased donee. Without passing on that question as a general proposition, I note that in the present situation we are dealing with a testamentary power of appointment which can obviously only be exercised by a will executed by the donee during the donee’s lifetime. Here, the donee, the widow, exercised that power of appointment by her will, in that way making certain testamentary dispositions. *595 To permit her executors, appointed under her will, now to disclaim or renounce that power of appointment would mean that the executors could change the testamentary disposition and the will under which they are themselves acting. It seems to me clear that they cannot do this. The executors’ function is to execute the testatrix’ will, not to revise it.
Accordingly, at least as to the power of appointment, the court holds that the purported disclaimer and renunciation by the widow’s executors is void.